

**ORDERED in the Southern District of Florida on October 23, 2014.**

**Robert A. Mark, Judge
United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
www.flsb.uscourts.gov

In re:  Emilse Ortiz

Case No:   14-26199-RAM
Chapter 13

_____Debtor_____/

**ORDER GRANTING MOTION TO VALUE  AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY WELLS FARGO BANK, N.A.**

THIS CASE came to be heard on October 14, 2014 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 20; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.     The value of the debtor's real property (the "Real Property") located at

14921 SW 104th ST, 1-104, Miami, FL 33196, and more particularly

described as

Condominium Unit No. 104, Building 1, Heron at the
Hammocks, a Condominium according to the

LF-92 (rev. 01/08/10)                    Page 1 of  3

Declaration of Condominium thereof, recorded in Official
Records Book 11542, at Page 2022, of the public
Records of Miami-Dade County, Florida, together with all
amendments thereto, and together with said
Condominium Unit's share of the common elements
appurtenant thereto.

is $ 101,000.00 at the time of the filing of this case.

B.      The total of all claims secured by liens on the Real Property senior to the

lien of Wells Fargo Bank, N.A. (the "2nd Mortgage Lender") is $

112,237.98.

C.      The equity remaining in the Real Property after payment of all claims

secured by liens senior to the lien of 2nd Mortgage Lender is $ 0.00 and

2nd Mortgage Lender has a secured interest in the Real Property in such

amount.

Consequently, it is **ORDERED** as follows:

1.      The Motion is **GRANTED**.

2.      2nd Mortgage Lender has an allowed secured claim in the amount of $ 0.00.

3.      Because 2nd Mortgage Lender's secured interest in the Real Property is

$0.00, 2nd Mortgage Lender's lien recorded on 11/18/2006 at OR

BOOK 25110 Page 3949 of the official records of Miami-Dade

County, Florida shall be deemed void and shall be extinguished automatically,

without further order of the Court, upon entry of the debtor's discharge in this

Chapter 13 case.  If this case is converted to a case under any other chapter

or if the Chapter 13 case is dismissed, 2nd Mortgage Lender's lien will no

longer be considered void and shall be restored as a lien on the Real

Property.

4.      2nd Mortgage Lender has not filed a proof of claim in this case.  The trustee

shall not disburse any payments to 2nd Mortgage Lender unless a proof of

claim is timely filed.  In the event a proof of claim is timely filed, it shall be

classified as a secured claim in the amount stated in paragraph 2, above,

and as a general unsecured claim for any amount in excess of such

secured claim, regardless of the original classification in the proof of claim

as filed.

5.      The Real Property may not be sold or refinanced without proper notice and

further order of the Court.

6.      Notwithstanding the foregoing, this Order is not recordable or enforceable

until the debtor receives a discharge in this Chapter 13 case.

### 

Submitted By:

LEGAL SERVICES OF GREATER MIAMI, INC.
Mandy L. Mills, Esq.
Fla. Bar #:  41654
Attorney for Debtor
3000 Biscayne Blvd, Ste 500
Miami, FL 33137
(T):  (305) 438-2437
(Email):  MMills@LSGMI.ORG


Attorney for debtor is directed to serve a conformed copy of this Order on all interested
parties immediately upon receipt hereof and to file a certificate of service.